UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| RICHARD I. BIUS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 5:06-CV-190-C |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**

The Defendant Commissioner of Social Security determined that Plaintiff Richard I. Bius was entitled to Disability Insurance Benefits (DIB) beginning January 14, 2004, but was not entitled to DIB prior to that date. Bius now seeks judicial review of the Commissioner's partial denial of his application for DIB. The United States District Judge referred this case to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment. This court has reviewed the administrative record and the arguments of the parties under the standard set forth under 42 U.S.C. § 405(g) and has determined that the Commissioner's decision is supported by substantial evidence, was reached through the application of proper legal standards, and should be affirmed.

**I.   Statement of the Case**

The chronology of events in this case is critical. Bius applied for DIB on December 2, 2002, alleging he suffered from severe diskitis and vertebral osteomyelitis and

that he was no longer able to work beginning March 24, 2002, because of these impairments. (Tr. 24, 83-85, 115-24.) The medical records support Bius' claim of severe impairments and show that between March 24, 2002, and November 25, 2002, Bius suffered from a number of impairments including severe sensory neuropathy, diskitis, osteomyelitis, spinal abscesses, chronic and recurrent infections, insulin dependent diabetes mellitus, and mild congestive heart failure. During this period of time Bius was hospitalized no less than six times and underwent a number of medical procedures and treatments including epidural steroid injections, left hemilaminectomy, right hemilaminectomy, and prolonged intravenous antibiotic therapy. (*See, e.g.,* Tr. 174, 178, 188, 193, 197, 265-66, 296-97, 320, 323, 507, 511.)

Despite his impairments, on January 6, 2003, less than ten months after his alleged onset of disability, Bius returned to full-time work. (Tr. 98, 104, 580-82.) On January 21, 2003, one week after he returned to work, the Social Security Administration (SSA) determined that Bius was disabled beginning on March 24, 2002, the date on which he alleged his disability began. (Tr. 36.) After making this decision, however, the SSA learned Bius was working full-time, re-opened his application, and in a letter dated November 24, 2003, notified Bius that he was not entitled to disability benefits because he had engaged in substantial gainful activity and was therefore not disabled. (Tr. 24, 34, 51-53, 73.)

Bius testified that he believed his return to work was considered a trial work period based on information provided to him by a Social Security Representative.[1] (Tr. 577-78.) He claimed he began receiving benefits in September 2002, six months after he applied for DIB, and that he contacted the Social Security Administration after he began receiving benefits and before he returned to work in order to determine whether he could return to work under the provisions allowing a trial work period. (Tr. 577.) He explained that he was directed to an office in St. Louis and that representatives in that office sent him a "Red Book" that was tabbed and highlighted for his benefit.[2] After he read through the booklet, he contacted his application agent and asked her whether he qualified for a trial work period and told her that he needed to know because he could not "afford to repay this if it doesn't work" and she told him she "didn't see why not." *Id.* He testified that the agent provided him with a form which he completed and submitted to the SSA. *Id.* The record and testimony establishes that Bius returned to work on January 6, 2003, and he testified that the Social Security Administration paid him benefits from January to October. (Tr. 98, 104, 577-78.)

---

[1] A trial work period is designed to permit a claimant to work for nine months to "test [his] ability to work" and still be considered disabled without forfeit of benefits during the nine-month period. 20 C.F.R. § 404.1592(a) (2006).

[2] The Red Book, published by the SSA and available online, is described as a "general reference source about the employment-related provisions" related to DIB and Supplemental Security Income (SSI) programs. *See* http://www.ssa.gov/redbook/eng/page04.htm (last visited Feb. 15, 2007).

Bius appealed the SSA's re-determination, and the Administrative Law Judge (ALJ) issued a decision on July 22, 2005. (Tr. 24-31.) The ALJ found in part that Bius had not engaged in substantial gainful activity during the period of time beginning March 24, 2002, the day on which he alleged he became disabled, and January 6, 2003, the day Bius returned to work, and that Bius was not capable of performing even sedentary work during this time because frequent and repeated hospitalizations prevented him from sustaining full-time work on a continuous basis. (Tr. 25, 30.) The ALJ determined, however, that Bius could not be considered "disabled" during this time because he returned to work on January 6, 2003, and therefore his impairments did not prevent him from performing substantial gainful activity for the minimum period of twelve continuous months.[3] (Tr. 30.)

The ALJ further determined that Bius worked as a Heating, Ventilation, and Air Conditioning (HVAC) designer and technical consultant and earned in excess of $1800 to $4900 per month from January 6, 2003, and January 14, 2004. (Tr. 25.) He determined that a finding of disability was precluded during the time period between January 6, 2003, and January 14, 2004, because Bius engaged in substantial gainful activity during the time period, and further determined that Bius was not eligible for a trial work period because he worked within twelve months of his alleged onset date of disability. (Tr. 26-27.) Finally, the ALJ determined that Bius was diagnosed with congestive heart failure in November 2003 but

---

[3] The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A).

4

continued to work until January 14, 2004, that Bius quit working on January 14, 2004, and had not engaged in substantial gainful activity since that date and was disabled and entitled to benefits beginning on that date. (Tr. 25-26, 30-31)

The Appeals Council denied Bius' request for review and the ALJ's decision became the Commissioner's final decision. Bius contests only the ALJ's determination that he was not disabled prior to January 14, 2004, and brings three issues for the court's review: (1) whether the ALJ failed to apply proper standards related to the SSA's trial work period program; (2) whether the ALJ erred in failing to call a medical expert to testify as to whether his medical condition met the criteria of a listed impairment prior to January 14, 2004; and (3) whether the ALJ erred in failing to cite specific reasons for discrediting his testimony.

## II.   Discussion

The court's role in reviewing a determination made by the Commission is very limited. The court may review the decision to determine whether substantial evidence supports the Commissioner's decision and whether the decision comports with relevant legal standards. *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). The court considers the entire record and not merely the evidence cited by the ALJ in determining whether substantial evidence supports the Commissioner's decision. *See id.*; *see also Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (citations and internal quotations omitted.) A finding of no substantial evidence is appropriate only if no credible

5

evidentiary choices exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

In this case, substantial evidence supports the Commissioner's decision. First, there is substantial evidence to support the ALJ's determination that Bius was not entitled to a trial work period between January 6, 2003, and January 14, 2004. The provision in the regulations relevant to Bius' case directs that an individual is not entitled to a trial work period if he performs work demonstrating the ability to engage in substantial gainful activity (1) within twelve months of the onset of his disabling impairment(s) and (2) before the date of any notice of determination of decision finding that he is disabled. 20 C.F.R. § 404.1592(d)(2)(iii).

The record establishes that Bius began working full-time on January 6, 2003, which was less than ten months after his alleged onset date of disability on March 24, 2002. (Tr. 98. 104, 116.) The first component of § 404.1592(d)(2)(iii) is therefore met because Bius began working within twelve months of the onset of his disabling impairments. The record also establishes that the second component of § 404.1592(d)(2)(iii) is met because Bius began working before the notice of determination in his case; Bius began working on January 6, 2003, and the SSA issued its notice of determination that Bius was disabled on January 21, 2003. (Tr. 36, 98, 104.)

Bius contends, however, that he relied on a provision in the 2002 Red Book which, according to Bius, provides that a claimant "is not eligible for disability benefits or a TWP

. . . before we approve your claim for disability benefits."[4] Pl.'s Br. At 12.  Bius contends he believed, based on the directive in the Red Book and his conversations with SSA representatives, that he had been approved for disability benefits because the SSA had begun depositing benefit payments into his bank account before he began working.  He claims the ALJ did not address whether he worked before his claim was approved and did not comment on or consider evidence regarding his reliance on SSA policy.

Although the ALJ did not address the factor related to working before claim approval and whether Bius began working before or after his claim was approved, any error must be viewed as harmless.  Error is regarded as "harmless" when it does not compromise the ALJ's ultimate conclusion.  *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988); s*ee also Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (remand not required in cases in which the ALJ would not have reached a different conclusion in absence of the error).

In this case, the ALJ's failure to address the second factor in § 404.1592(d)(2)(iii) does not affect the Commissioner's ultimate conclusion, and remand on this point would not produce a different result.  Although harsh, especially given the proximity of the date on which Bius began working (January 6, 2003) and the date on which the SSA issued a determination of disability (January 21, 2003), Section 404.1592(d)(2)(iii) precludes a finding that Bius was entitled to a trial work period because Bius returned to work before the date on the notice of the SSA's determination.  Given the explicit terms in the regulation,

---

[4] The 2006 Red Book states that a claimant is not eligible for a trial work period if he works "at the SGA level of the start of your impairments) and before we approve your claim for disability benefits.  *See* http://www.ssa.gov/redbook/eng/page38.htm (last visited Feb. 15, 2007).

remand for further administrative proceedings would not change the outcome of Bius' case.

It should be noted that Bius cites *Tepfer v. Sec'y of Health and Human Servs.*, 712 F. Supp 156 (W.D. Ark. 1989), in support of his contention that he was eligible for a trial work period. At the time *Tepfer* was decided, Section 404.1592 directed that claimants *receiving* disability insurance benefits were generally entitled to a trial work period. 20 C.F.R. § 404.1592(d)(1) (1989) (emphasis added). Construing this portion of the regulation, the court in *Tepfer* rejected the Commissioner's argument that only those claimants actually receiving benefit payments were entitled to a trial work period and held that claimants who were entitled to disability benefits were entitled to a trial work period regardless as to whether the claimant was or was not yet receiving benefit payments. *Tepfer*, 712 F. Supp at 159.

*Tepfer* is not applicable to this case. In 2001, Section 404.1592, which governs the trial work period provisions, was amended and subsection (d)(2)(iii) and other subsections were added. The provisions of the current regulation do not direct that a claimant is entitled to begin a trial work period once he begins receiving benefits. *See* 20 C.F.R. § 404.1592. The regulation states that a claimant is entitled to a trial work period when he is entitled to disability insurance benefits but that a claimant is not entitled to a trial work period:

> If [he] perform[s] work demonstrating the ability to engage in substantial gainful activity within 12 months of the onset of the impairment(s) that prevented [him] from performing substantial gainful activity and before the date of any notice of determination or decision finding that [he] [is] disabled.

20 C.F.R. § 404.1592(d)(2)(iii). After the amendment to the regulation, the United States Supreme Court found Section 404.1592(d)(2)(iii) to be a reasonable and permissible

interpretation of the provisions in the Social Security Act. *Barnhart v. Walton*, 535 U.S. 212, 224 (2002). The decision in *Walton* overruled circuit cases in which courts had held that eligibility to a trial work period was based on the claimant's disability rather than the actual adjudication of the claimant's application.[5]

Based on *Walton*, the Commissioner's directive regarding the eligibility requirements for a trial work period, 20 C.F.R. § 404.1592(d)(2)(iii), is a reasonable interpretation of the provisions in the Social Security Act and must be applied in this case. *See Walton*, 535 U.S. at 224. It should therefore be determined that substantial evidence and the law support the ALJ's decision that Bius was not entitled to a trial work period, and remand should not issue on this point.

In addition, remand is not required because the ALJ did not comment on Bius' reliance on conversations he had with SSA representatives. Although Bius' reliance on advice from SSA representatives rendered an unfortunate outcome to which the court may be sympathetic, the court may not apply principles of equity to remedy the situation. *See Schweiker v. Hansen*, 450 U.S. 785, 788 (1981); *Duthu v. Sullivan,* 886 F.2d 97, 99-100 (5th Cir. 1989) (holding that "misinformation and ineptitude" of the SSA employees were

---

[5] Prior to the decision in *Walton*, a number of courts had held that a claimant was entitled to a trial work period at the conclusion of the five-month waiting period set forth in the Social Security Act regardless as to whether the claimant had been adjudged disabled. The courts in these cases found the Social Security regulations and rulings to be inconsistent with statute and held that a claimant could become entitled to disability benefits before adjudication of his claim and could be eligible for a trial work period before his application was approved. *See Salamalekis v. Comm'r of Soc. Sec.,* 221 F.3d 828, 833-34 (6th Cir. 2000)*; Newton v. Chater,* 92 F.3d 688, 694 (8th Cir. 1996); *Walker v. Sec'y of Health and Human Servs.,* 943 F.2d 1257, 1259 (10th Cir. 1991); *McDonald v. Bowen,* 818 F.2d 559, 563-64 (7th Cir. 1986). The court in *Walton* cited these cases but stated that the court "nonetheless [ ] believe[s] the Agency regulation is lawful." 535 U.S. at 224. After the decision in *Walton*, the SSA rescinded aquiescence rulings in which the SSA agreed to apply the circuit courts' holdings. 67 Fed. Reg. 39781, effective June 10, 2002.

blunders that would not estop the SSA from applying rules to claimant's claim); *see also Jones v. Dep't. of Health & Human Servs.*, 843 F.2d 851, 854 (5th Cir. 1988) (reliance on erroneous statements from SSA representatives, which resulted in the denial of claimant's rightful benefits, did not estop the SSA from applying its rules)

Finally, remand is not required on Bius' remaining points of error. Bius claims the ALJ erred in finding that his impairments did not meet the criteria of a listed impairment prior to November 2003. He argues that the ALJ must have ignored the fact that he was found to be disabled prior to November 2003 and faults the ALJ for reaching a conclusion contrary to that reached by the State agency medical consultants who found that he was disabled. He further argues that if the ALJ believed he was not disabled and was determined to reverse a prior finding of disability, he should have elicited opinion from a medical expert.

Bius' arguments are without merit. The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A). The determination as to whether the individual meets the statutory definition of "disability" is reached through the application of a five-step sequential analysis. 20 C.F.R. § 404.1520; *see Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). The first step of the sequential analysis addresses the first component of the Social Security Act's requirement that the claimant be unable to engage in substantial gainful activity. And, according to the regulations, the first step of the sequential evaluation is a threshold inquiry; if the individual

is engaged in substantial gainful activity, the decision-maker does not proceed in the sequential inquiry because the individual cannot be considered disabled regardless of his medical condition, age, education, and work experience.[6] 20 C.F.R. § 404.1520(b). Whether a claimant's impairments meet the criteria of a listed impairment is determined at step three of the sequential disability analysis. Thus, in this case, whether Bius' impairments met the criteria of a listed impairment is immaterial because a finding of disability was precluded at step one of the sequential disability analysis and the Social Security Act until January 14, 2004, when Bius quit working.

In his final point of error, Bius argues the ALJ failed to articulate specific reasons for discrediting his claims that he was disabled prior to November 14, 2004. In support of his argument, Bius cites Social Security Ruling 96-7p and points out that the SSA had already determined that he was disabled.

Ruling 96-7p and Fifth Circuit precedent direct that the ALJ must indicate the degree to which he finds the claimant's testimony credible and, in cases in which an ALJ discredits a claimant's testimony, he must indicate the basis for that decision. *Abshire v. Bowen*, 848 F.2d 638, 642 (5th Cir. 1988); *see also* S.S.R. 96-7p, WL 374186 at *1 (the ALJ's decision must include findings that are "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the

---

[6] On the other hand, if the decision-maker determines that the claimant is not engaged in substantial gainful activity, it must be determined in the remaining steps of the sequential analysis whether the claimant has one or more severe impairments, has severe impairments that meet the criteria of a listed impairment in the regulations, can return to past work despite his impairments, and if the claimant cannot return to his past work, whether he can perform other work. 20 C.F.R. § 404.1520(a)(4).

reasons for that weight). The credibility of a claimant's testimony and allegations regarding his symptoms is relevant only at the second, third, fourth, and fifth steps of the sequential disability analysis. *See* 20 C.F.R. § 404.1529(d).[7] In this case, because the disability determination Bius contests was made at the first step of the analysis, the ALJ was not required to proceed to the second, third, fourth, and fifth steps of the sequential disability analysis.

Nonetheless, the ALJ discussed his reasons for finding Bius' allegations of disability prior to January 14, 2004, uncredible. The ALJ acknowledged Bius' allegations regarding his impairments but noted that the evidence showed Bius returned to work on a full-time basis within twelve months of his alleged onset of disability and continued working until January 14, 2004, and that for those reasons, his subjective complaints and allegations prior to January 14, 2004, were not credible.[8] The ALJ, therefore, articulated reasons for rejecting Bius' allegations that he was disabled prior to January 14, 2004, and based on the evidence discussed in this Report and Recommendation, the ALJ's credibility determination is supported by substantial evidence.

---

[7] The regulation states as follows: " We follow a set order of steps to determine whether you are disabled. If you are not doing substantial gainful activity, we consider your symptoms, such as pain, to evaluate whether you have a severe physical or mental impairment(s), and at each of the remaining steps in the process." 20 C.F.R. § 404.1529(d)

[8] The fact that a claimant worked for period of time while suffering from ailments he alleges to be disabling is a relevant consideration and supports the ALJ's finding that the claimant is not disabled. *Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995) (citing *Fraga v. Bowen,* 810 F.2d 1296, 1305 & n. 11 (5th Cir.1987) (ability to work despite pre-existing condition supports ALJ's finding of not disabled)); *see also Johnson v. Bowen*, 864 F.2d 340, 347-48 (5th Cir. 1988) (finding that the claimant worked despite impairments supported ALJ's findings).

## III. Recommendation

Substantial evidence supports the Commissioner's ultimate conclusion that Bius was not entitled to DIB prior to January 14, 2004. Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court affirm the Commissioner's decision and dismiss Bius' appeal with prejudice.

## IV. Right to Object

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within ten days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within ten days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated: February 28, 2007.

_____
NANCY M. KOENIG
United States Magistrate Judge